UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SEAN WESLEY (#372598),            CIVIL ACTION NO. 1:16-CV-1480-P
Plaintiff

VERSUS                            CHIEF JUDGE ▉ TRIMBLE

INTERNAL AFFAIRS, ET AL.,         MAGISTRATE JUDGE PEREZ-MONTES
Defendants

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Sean Wesley ("Wesley") (#372598). Wesley was granted leave to proceed *in forma pauperis*. (Doc. 11). Wesley is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Jackson Parish Correctional Center in Jonesboro, Louisiana. At the time of filing, Wesley was incarcerated at River Correctional Center in Ferriday, Louisiana. Wesley names as defendants the Department of Corrections, its "Internal Affairs" department, and its administrative department. Wesley complains that he has been denied medical treatment for Hepatitis C.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] Wesley has two other suits in this Court against LaSalle Management Group, the warden of LaSalle Correctional Center, and officials at Claiborne Parish Detention Center (1:16-cv-1332; 1:16-cv-1479), alleging the deprivation of medical care for Hepatitis C.

I.   Background

Wesley alleges that he has been transferred to various prisons where he is continually denied medical treatment for Hepatitis C. Wesley asks that he be transferred to a facility where he can receive treatment for Hepatitis C. He also asks that the DOC investigate LaSalle Correctional for employing untrained and unlicensed medical professionals. Finally, Wesley asks for monetary damages.

II.   Law and Analysis

   A.   Wesley's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Wesley is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Wesley's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Wesley's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

2

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. The DOC is immune from suit.

Wesley names as defendants the DOC, its "internal affairs" department, and its "administration." The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own state. See Pennhurst State Sch. v. Halderman, 465 U.S. 89, 98 (1984); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185-86 (5th Cir. 1986). It also prohibits suits for declaratory and injunctive relief brought against a state. See Saltz v. Tenn. Dep't of Employment Sec., 976 F.2d 966, 968 (5th Cir. 1992) (declaratory and prospective injunctive relief cannot be pursued directly against the State in federal court).

It is well-settled that the Louisiana Department of Corrections is entitled to Eleventh Amendment immunity. See Willaims v. Henagan, 595 F.3d 610, 618 (5th Cir. 2010). The DOC is considered an arm of the state since any money judgment against it or its subdivisions necessarily would be paid from state funds. See Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, a suit against the DOC implicates the Eleventh Amendment immunity doctrine. See Muhammad v. Louisiana, Nos. 99-3742 & 99-2694, 2000 WL 1568210 (E.D.La. Oct. 18, 2000); Citrano v. Allen Corr. Ctr., 891 F.Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.").

3

A state may expressly waive this Eleventh Amendment sovereign immunity. See Edelman v. Jordan, 415 U.S. 651, 673 (1974); Welch v. Dep't of Highways, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so.

Therefore, Wesley's claim against the DOC and its departments should be dismissed.

### C. Wesley is not entitled to a transfer.

Even if Wesley named defendants that were not immune from suit, his request for a transfer would still fail. "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002); Yates v. Stalder, 217 F.3d 332, 335 (5th Cir. 2000) (courts must afford high degree of deference to prison authorities in the inordinately difficult task of running prisons). The classification of inmates is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). Because "[a] prisoner has no constitutionally protected interest in a particular facility," Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996), Wesley's claim is subject to dismissal.

### III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Wesley's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being**

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of March, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge